# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
(Filed: January 29, 2021)

```
*  *  *  *  *  *  *  *  *  *  *  *  *
ALLISON WEATHINGTON,              *        UNPUBLISHED
                                  *
          Petitioner,             *        No. 18-530V
                                  *        Special Master Dorsey
v.                                *
                                  *        Attorneys' Fees and Costs
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
          Respondent.             *
                                  *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

Keith D. Bodoh, Robertson, Bodoh & Nasrallah, LLP, Marietta, GA, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 11, 2018, Allison Weathington ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that as a result of an influenza vaccine administered on October 14, 2015, she suffered from Stevens Johnson Syndrome, fibromyalgia, insomnia, and fatigue. Petition at 1, 4 (ECF No. 1). On September 23, 2020, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 76).

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On September 29, 2020, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 80).  Petitioner requests compensation in the amount of $47,389.24, representing $41,336.25 in attorneys' fees and $6,052.99 in attorneys' costs. Fees App. at 1. Respondent filed his response on September 29, 2020 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 81). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $46,479.49.

## I.      Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id. at §15(e)(1).  In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

### a.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

2

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i.   Reasonable Hourly Rates

Petitioner requests that her attorney, Mr. Keith Bodoh, be compensated at an hourly rate of $415.00 per hour for all work performed in this case, from 2015-2020. This is Mr. Bodoh's first case in the Vaccine Program and therefore the Court has not previously had an opportunity to assess the reasonableness of Mr. Bodoh's hourly rates. Mr. Bodoh notes that he arrived at an hourly rate of $415.00 per hour "based on my 20+ years in practice, my level of experience, and the Office of Special Master Forum Hourly Rate Fee Schedule for the years 2015-2016, the year we started representing [petitioner]." Fees App. at 5. For the following reasons, the undersigned finds that Mr. Bodoh's hourly rates must be reduced.

Mr. Bodoh has been licensed to practice law since 1995, giving him approximately 20 years of experience when he commenced work on this matter in 2015, placing him in the 20-30 years of experience range pursuant to the OSM Fee Schedules.[3] In determining the factors to be considered in awarding reasonable forum rates, *McCulloch*, the seminal case on reasonable attorneys' rates, delineated the following factors:

> 1. The prevailing rate for comparable legal work in the forum of Washington D.C.;
> 2. the Prevailing Rate for Cases in the Vaccine Program;
> 3. The experience of the attorneys in the Vaccine Program;
> 4. The overall legal experience of the attorneys;
> 5. The quality of work performed in vaccine cases; and
> 6. Reputation in the legal community and community at large.

*McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at * 17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The rates sought for Mr. Bodoh's work in the instant case represent the maximum reasonable rates prescribed by the OSM Fee Schedules for 2015-2016. In the undersigned's experience, attorneys commanding such rates within a given range are few and far between, and those that do not only have the requisite overall experience, but also typically specialize in Vaccine Program litigation.

---

[3] The fee schedules are available at: http://www.cofc.uscourts.gov/node/2914.

In this case, Mr. Bodoh's overall legal experience places him at the lowest end of the range for 2015 and the middle of the range in 2020, and this is Mr. Bodoh's first and only Vaccine Program case as of the date of this decision. It would therefore not be reasonable to compensate him at hourly rates commensurate with attorneys' who have not only more overall experience, but more Vaccine Program specific experience as well.  The undersigned notes, however, that despite his lack of prior experience in the Vaccine Program, Mr. Bodoh did an excellent job representing petitioner and obtaining a favorable result for her.

Based upon all of the foregoing, the undersigned finds the following rates to be reasonable: $385.00 per hour for work performed in 2015 and 2016, $400.00 per hour for work performed in 2017 and 2018, and $415.00 per hour for work performed in 2019 and 2020. Application of these rates results in a reduction of $345.00.[4]

### ii.   Reasonable Hours Expended

The overall hours spent on this matter appear to be mostly reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. The only reduction necessary is for time billed by counsel to apply for admission to the United States Court of Federal Claims, which is not compensable. *See Raymo v. Sec'y of Health & Human Servs.*, No. 11–654V, 2016 WL 7212323, at *12 (Fed. Cl. Spec. Mstr. Nov. 2, 2016), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016); *see also, e.g.*, *Oswalt v. Sec'y of Health & Human Servs.*, 2011 WL 2149932 (Fed. Cl. Spec. Mstr. May 2, 2011) (denying fees for time spent preparing application for admission to the USCFC bar); *Ceballos v. Sec'y of Health & Human Servs.*, 2004 WL 784910 (Fed. Cl. Spec. Mstr. Mar. 25, 2004) (the admission fee for the USCFC bar is not recoverable).

Therefore, the 0.75 hours billed for this task shall be disallowed, resulting in a reduction of $288.75. Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of $40,702.50.

### b.   Attorneys' Costs

Petitioner requests a total of $6,052.99 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by petitioner's medical expert Dr. Amee Majmundar. Fees App. at 16. Petitioner has provided adequate documentation supporting the request and the costs mostly appear reasonable. The exception is for $276.00 for admission to the United States Court of Federal Claims which, as previously noted, is not recoverable. Fees App. at 29. Accordingly, petitioner is awarded final attorneys' costs of $5,776.99.

---

[4] 2015: ($415.00 per hour requested - $385.00 per hour awarded) * 5.05 hours billed = $151.50.
2016: ($415.00 per hour requested - $385.00 per hour awarded) * 1.05 hours billed = $31.50.
2017: ($415.00 per hour requested - $400.00 per hour awarded) * 0.9 hours billed = $13.50.
2018: ($415.00 per hour requested - $400.00 per hour awarded) * 9.9 hours billed = $148.50.

4

## II.     Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $41,336.25 |
| (Total Reduction from Billing Hours) | - ($633.75) |
| **Total Attorneys' Fees Awarded** | **$40,702.50** |
| | |
| Attorneys' Costs Requested | $6,052.99 |
| (Reduction of Costs) | - ($276.00) |
| **Total Attorneys' Costs Awarded** | **$5,776.99** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$46,479.49** |

**Accordingly, the undersigned awards a lump sum in the amount of $46,479.49, representing attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Mr. Keith Bodoh.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.